# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | CHAPTER   13 |
| Victor E De Jesus ) | CASE NO.   6:13-bk-12691-KSJ |
| ) | |
| Debtor(s) ) | |
| ) | |

### ORDER GRANTING WILMINGTON SAVINGS FUND SOCIETY, FSB, DOING BUSINESS AS CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS LEGAL TITLE TRUSTEE FOR BCAT 2014-9TT RELIEF FROM STAY

THIS CASE came before the Court upon the Motion for Relief from Stay filed by **WILMINGTON SAVINGS FUND SOCIETY, FSB, DOING BUSINESS AS CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS LEGAL TITLE TRUSTEE FOR BCAT 2014-9TT ("Creditor")** (DOC. NO. 44).  Neither the Debtor(s), nor the Trustee, nor any other party filed a response in opposition to the Motion.  Therefore, the Court deems the matter unopposed.  Accordingly, it is

1. The Motion is granted.

2. The automatic stay arising by reason of 11 U.S.C. Section 362 is terminated as to Movant's interest in the following property: **REAL PROPERTY LOCATED: 735 KANKAKEE LN ORLANDO, FL 32807-4328, LEGALLY DESCRIBED AS: LOT 8, BLOCK 6, EAGLEWOOD PARK, UNIT NO. 2, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK T, PAGE 136, OF THE PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA**

3.       The Order Granting Relief from Stay is entered for the sole purpose of allowing movant complete *in rem* relief, to take any and all steps necessary to exercise any and all rights it may have in the collateral, to gain possession of said collateral, to have such other and further *in rem* relief as is just, and that movant shall not obtain *in personam* relief against the debtor.

4.       Fees and costs are awarded to Creditor to the extent permitted by the loan documents; however, such allowed fees and costs shall not exceed the total amount of $526.00.

5.       The fourteen (14) day period in Bankruptcy Rule 4001(a)(3) shall not be waived or reduced as requested in the Creditor's Motion.

6.       The fourteen (14) day period in Bankruptcy Rule 4001 (a)(3) shall not be waived or reduced as requested in the Creditor's Motion.  The automatic stay shall remain in effect until the end of the fourteenth day <u>following</u> the date of the entry of this Order.  The date of the entry of the Order shall not be counted as the first day of the fourteen (14) day period.

DONE and ORDERED in Orlando, Florida, on April 20, 2015

_____
Karen S. Jennemann
United States Bankruptcy Judge

Attorney Brad W. Hissing is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within three days of entry of the order.